# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ELMORE COOK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2:15-cv-00103-TMP |
| ) | |
| JAMES BUTLER, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 21, 2015, Elmore Cook, Jr. ("Plaintiff") filed a complaint in this court against James Butler, an assistant district attorney for Jefferson County.[1] (Doc. 1). The complaint was accompanied by the plaintiff's application for leave to proceed *in forma pauperis*, which was granted by court order dated February 6, 2015. This matter was assigned to the undersigned magistrate judge for a preliminary review and recommendation. For the reasons explained below, the magistrate judge recommends that this action be dismissed.

---

[1] The plaintiff did not provide information on the defendant other than to say that he is a "DA at Bessemer Jefferson County Court." (Doc. 1, p. 1). A search of the Alabama State Bar membership roster indicates that Mr. James Butler is employed with the 10th Judicial Circuit, District Attorney's Office – Bessemer. Find A Member, Alabama State Bar (March 12, 2015), https://www.alabar.org/for-the-public/find-a-member/.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(a), an indigent party to a civil action may seek leave from the court to file the action and prosecute it without the prepayment of docket and filing fees.  If granted, however, the complaint or pleading filed is subject to screening and dismissal by the court for legal frivolousness or maliciousness.[2]  *See* 28 U.S.C. § 1915(e)(2).  "A case is frivolous if (1) the factual allegations are 'clearly baseless' or (2) it is based on an 'indisputably meritless legal theory.'"  Smith v. Hildebrand, 244 Fed. Appx. 288, 290 (11th Cir. 2007) (quoting Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)).  The Eleventh Circuit Court of Appeals has noted that a lawsuit may be deemed frivolous where "the plaintiff's realistic chances of ultimate success are slight."  Clark v. Georgia Pardons and Paroles Board, 915 F.2d 636, 639 (11th Cir. 1990).

One district court explained screening pursuant to § 1915 as follows:

> The screening process under 28 U.S.C. § 1915(e)(2)(B) applies to *pro se* litigants who are proceeding *in forma pauperis*. *Boyington v. Geo Group, Inc*., 2009 WL 3157642 (M.D. Fla.), *citing Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not).  "In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious."  *Dycus v. Astrue*, 2009

---

[2]  This is not a "prisoner" case.  Therefore, the court has not undertaken the additional levels of screening authorized by 28 U.S.C. § 1915A.

WL 47497, at *1 (S.D. Ala. 2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. *Martinez v. Kristi Kleaner's Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004); *see also Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous claim under section 1915 as being one "without arguable merit." *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). "Arguable means capable of being convincingly argued." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (*quoting Menendez*, 817 F.2d at 740 n. 5); *see Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless.") (citations omitted).

Withey-Martin v. Liverman, 1:12-cv-53-MP-GRJ, 2012 WL 913384 (N.D. Fla. Mar. 8, 2012) *report and recommendation adopted*, 1:12-cv-53-MP-GRJ, 2012 WL 913282 (N.D. Fla. Mar. 18, 2012). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v.

County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (*overruled on other grounds* by *Iqbal*).

A review of the instant pleading makes plain that it is legally frivolous and subject to dismissal. In the initial filing, the plaintiff argues that he was denied access to the Jefferson County Veterans Treatment Court ("Veterans Court")[3], which violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. He does not allege how being denied access to Veterans Court violates his constitutional rights other than to say that veterans (presumably, himself included) were discriminated against based on "race, creed," and "color." (Doc. 1, p. 3). The court, therefore, construed the complaint to allege a claim under 42 U.S.C. § 1983 for violation of the plaintiff's Fourteenth Amendment right to equal protection under the law.[4] (Doc. 5).

In an Order dated February 6, 2015, the undersigned directed the plaintiff to "amend his complaint to clearly set out all facts that he believes support the claim that his denial of admission to the Program was racially motivated," and further directed him to set out "any claims he wishes to raise in addition to his claim under

---

[3] The Jefferson County District Attorney's website describes Veterans Court as a program "established in 2013 to address the needs of returning service members who have been charged with crimes arising primarily from substance abuse and mental health problems." http://jeffcoda.org/veteran-court.php

[4] The court acknowledges that this requires a degree of speculation; however, the plaintiff has failed completely to allege any facts from which the court can understand the actual basis of his claim.

42 U.S.C. § 1983, and all supporting facts." (Doc. 5). The plaintiff filed his response to the court's order on February 26, 2015. (Doc. 6). The Amended Complaint also fails to set out any cognizable claim. The plaintiff failed to put forth any factual allegations supporting his claim of race-based discrimination. In fact, the plaintiff removed from his Amended Complaint any mention of race, simply stating that some veterans are allowed to proceed through Veterans Court while some are not. (Doc. 6, p. 3). The only relief requested by the plaintiff is that the defendant explain why some veterans are "routinely being denied" access to Veterans Court while others are allowed to proceed through the program. Because the plaintiff has essentially produced no factual allegations, his claim cannot support a cause of action and is due to be dismissed as frivolous.

### A. Plaintiff Asserts No Statutory Right to Veterans Court

The plaintiff claims that not being approved to participate in Veterans Court violates his constitutional rights. However, the plaintiff has not alleged any statutory provision granting veterans the right to participate in an alternative court system. The fact that the plaintiff was not approved for the program does not create a legal claim. The plaintiff must at least allege that he has a statutory right to participate in Veterans Court or that he was not approved for the program for some statutorily impermissible reason. The plaintiff has done neither. Because the

plaintiff has not asserted any cognizable right to participate in Veterans Court, his legal theory is indisputably meritless, rendering his claim frivolous and due to be dismissed.

### B. Plaintiff Failed to Allege Discrimination

Although the court is unable to determine precisely what claim the plaintiff is attempting to make, it seems that the plaintiff believes he was denied access to Veterans Court because of his race. Denying the plaintiff access to Veterans Court based on his race would violate his Fourteenth Amendment right to equal protection under the laws. However, the plaintiff has stated no facts to support a claim that denying him entry into the program was racially motivated. Alone, the statement "my federally-protected rights have been violated," is not sufficient to create a cause of action. The allegation must be supported by some factual statement. The plaintiff was specifically instructed to amend his complaint to set forth all facts that support his claim, but he failed to do so.

In the end, the plaintiff simply fails to tell the court in factual terms what happened to him that he believes violated his federally-protected rights. The most fundamental purpose of a complaint is to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) of the Federal Rules of Civil Procedure. Neither of the plaintiff's complaints does so. The court

is not permitted to guess what the plaintiff is complaining about; and, more importantly, the court may not require the defendant to respond to a complaint that does not tell him what is alleged against him. Because the plaintiff failed to allege any facts whatsoever in support of his claim, the legal theory upon which the plaintiff purports to base his claim is meritless. Accordingly, his claim is frivolous and due to be dismissed.

### C. Prosecutorial Immunity

The plaintiff has named James Butler, who is a prosecutor for the District Attorney's Office for the 10th Judicial Circuit, as the only defendant in the action. Defendant Butler, however, is entitled to prosecutorial immunity as to the claims alleged by the plaintiff.

> The seminal United States Supreme Court case on prosecutorial immunity is *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). In *Imbler*, the plaintiff/prisoner alleged that the district attorney had "knowingly used false testimony and suppressed material evidence" at trial. *Imbler*, 424 U.S. at 413, 96 S. Ct. at 987. The Supreme Court held that a state prosecuting attorney acting within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case, is absolutely immune from civil suit for damages for alleged deprivations of the accused's constitutional rights in a § 1983 action. This is the rule even though such immunity leaves the genuinely wronged criminal defendant without civil redress against a prosecutor whose malicious or

>dishonest action deprives him of liberty. *Id*., 424 U.S. at 427, 96 S.Ct. at 993.

Flemming v. Morris, No. 4:08-cv-51 CDL, 2008 WL 2442184, at *4 (M.D. Ga. June 13, 2008).

The plaintiff appears to allege that defendant Butler has the discretion to determine who is and who is not eligible for Veterans Court, and that Butler determined the plaintiff was not eligible.[5] Because the determination of whether someone is eligible for Veterans Court *is* up to the discretion of the prosecuting attorney, Butler is entitled to absolute immunity from damages resulting from the decision.[6] The "complaint fails to allege any specific violations against [the plaintiff] that were outside the scope of [the defendant's] prosecutorial duties." Flemming, No. 4:08-cv-51 CDL, 2008 WL 2442184, at *4 (M.D. Ga. June 13, 2008). Because the entirety of the complaint is based on a decision made by Butler in his prosecutorial discretion, the plaintiff has failed to state a claim for which relief may be granted.

---

[5]  In the original complaint, the plaintiff states he was "disapproved" for Veterans Court and he felt that it was due to "discrimination by D.A. James Butler," indicating to the court that the plaintiff believes the decision of whether someone is qualified to participate in Veterans Court belongs to the prosecuting attorney.

[6]  The Jefferson County District Attorney website does confirm that admission to the program is "subject to the discretion of the District Attorney's Office on a case-by-case basis." Jefferson County Veterans Treatment Court, Jefferson County District Attorney (March 12, 2015), http://jeffcoda.org/veteran-court.php.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.  Without a clearer statement of facts, the court cannot understand the plaintiff's claims nor should the court require the defendant to speculate about the claims against him.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this Report and Recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982)(*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendation made by the magistrate judge.  The district judge, however, need conduct a hearing only in his or her discretion or if required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

**DONE** and **ORDERED** on March 16, 2015.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE